USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-2436

 PAUL L. BRIGHAM, JR.,
 Executor of the Estate of Anna C. Ham,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 
 Aldrich and Coffin, Senior Circuit Judges.
 
 

 Paul M. Stein with whom Malkasian, Hicinbothem & Mollica, Paul
L. Brigham, Jr. and Linette R. LaMountain were on brief for
appellant.
 Ernest J. Brown with whom Jonathan S. Cohen, Joan I.
Oppenheimer, Attorneys, Tax Division, Department of Justice,
Loretta C. Argrett, Assistant Attorney General, and Donald K.
Stern, United States Attorney, were on brief for appellee.

November 12, 1998

 ALDRICH, Senior Circuit Judge. This is an action to
 recover income tax payments that, allegedly, were not due. On
 cross motions for summary judgment the court ruled for the
 United States. We affirm.
 In 1988 Kendal Ham died leaving a will with several
 provisions for his wife. Seasonably she chose, instead, to
 waive her rights under the will and elect the share of his
 estate permitted by the New Hampshire statute, N.H. Rev. Stat.
 Ann. 560:10, in her case a one-third "portion of the estate
 remaining after the payment of debts and expenses of
 administration." In 1990 and 1991 Mr. Ham's executor made
 payments to Mrs. Ham on account of the principal of her
 elected share. These payments included amounts equivalent to
 the total income received by Mr. Ham's estate during those two
 years. His executor classified these inclusions as
 "distributable net income" (DNI) pursuant to 26 U.S.C.
 643(a) and claimed a deduction from the estate's gross
 income pursuant to 26 U.S.C. 661, which the government
 allowed. Mrs. Ham, in turn, reported and paid an income tax
 on the received DNI pursuant to 26 U.S.C. 662.
 Mrs. Ham's executor, plaintiff Paul Brigham, Jr.,
 Esq., now claims it was inappropriate to apply the tax
 transfer of 661 and 662 to payments in satisfaction of a
 widow's elective share and that the income tax on Mr. Ham's
 estate's 1990 and 1991 earnings should not have been passed
 on. No income tax was required of Mrs. Ham on the portion of
 the payments that exceeded Mr. Ham's estate's income, see 26
 U.S.C. 662(a), but, obviously, to the extent that payments
 to her were taxable, Mrs. Ham was paid her elected share in
 funds subject to depreciation through taxes.
 Unreasonable and unfair as this might seem, plaintiff
 has an impossible row to hoe here. If a payee within the 26
 U.S.C. 643(c) definition of "beneficiary" receives DNI
 pursuant to 661 that is an "other amount properly paid,
 credited, or required to be distributed to such beneficiary
 for the taxable year," 662(a)(2), then she is bound to pay
 an income tax even if the payment was in satisfaction of a
 principal obligation.
 Sections 661 and 662 are lengthy. We quote all that
 is relevant to our facts and question:
 661. DEDUCTIONS FOR ESTATES AND TRUSTS
 ACCUMULATING INCOME OR DISTRIBUTING
 CORPUS
 
 (a) Deduction
 
 In any taxable year there shall be
 allowed as a deduction in computing the
 taxable income of an estate . . . the
 sum of --
 
 . . . . 
 
 (2) any other amounts
 properly paid . . . for such
 taxable year; but such deduction
 shall not exceed the distributable
 net income of the estate . . . .
 
 662. INCLUSION OF AMOUNTS IN GROSS INCOME OF
 BENEFICIARIES OF ESTATES AND TRUSTS
 ACCUMULATING INCOME OR DISTRIBUTING
 CORPUS
 
 (a) Inclusion
 
 [T]here shall be included in the
 gross income of a beneficiary to whom an
 amount specified in section 661(a) is
 paid . . . the sum of the following
 amounts:
 
 (1) Amounts required to be
 distributed currently
 
 . . . .
 
 (2) Other amounts distributed
 
 All other amounts properly paid
 . . . to such beneficiary for the
 taxable year.
 
 We believe these statutes sufficiently clear as to need no
 history, but we remark that they are the product of the
 difficulty (more indicated by portions we do not quote) of
 tracing the source of distributions from estates with many
 beneficiaries. See S. Rep. No. 83-1622, at 83 (1954),
 reprinted in 1954 U.S.C.C.A.N. 4621, 4715 ("The approach
 adopted by the bill eliminates the necessity, in determining
 the taxability of distributions, of tracing such distributions
 to the income of the estate or trust for the current taxable
 year."). While the solution may over-simplify, it has never
 been found beyond the federal taxing power. Obviously the
 taxpayer must adjust to the government, not the government
 adjust to accommodate him.
 Plaintiff, accordingly, claims that Mrs. Ham, as the
 receiver of a one-third portion of Mr. Ham's estate, was not
 a "beneficiary" within the meaning of 662. This contention,
 however, fails. For definition, 26 U.S.C. 643(c) provides
 that "the term 'beneficiary' includes heir, legatee, devisee." 
 The word "elector" (of a spouse's share) does not appear, but
 "includes" is not limiting. Rather, "[t]he terms 'includes'
 and 'including' . . . shall not be deemed to exclude other
 things otherwise within the meaning of the term defined." 26
 U.S.C. 7701(c). In light of this we apply the principle
 that a list of terms should be construed to include by
 implication those additional terms of like kind and class as
 the expressly included terms. Surely the widow has elected
 to be within the group. In common parlance, is not any person
 who gratuitously receives estate assets a beneficiary? If
 there is no will, the widow is an heir, and she receives a
 portion of the estate as determined by the legislature. If
 there is a will, she may be a legatee, or she may waive her
 rights under it and receive a different portion. But, in all
 cases, on its face, the 661-662 tracing purpose applies
 precisely.
 Plaintiff's remaining argument is that the payments in
 satisfaction of Mrs. Ham's elective share were not 662(a)(2)
 distributions because the elective share is a state law
 interest not subject to the estate income distribution
 provisions in 661 and 662. He has found in his favor the
 case of Deutsch v. Commissioner of Internal Revenue, 74 T.C.M.
 (CCH) 935 (1997) (holding that the Florida elective share is
 not subject to the entire Subchapter J, 26 U.S.C. 641-692). 
 We disagree fully.
 The Deutsch court would draw comparisons between
 elective shares and the Florida dower. Assuming that Florida
 dower may be exempt, which we may doubt, this would be because
 it is directly involved with real estate title which, like
 jointly owned property may, in a technical sense, not pass
 through the estate, a claim that plaintiff here cannot make. 
 By definition, Mrs. Ham received "a portion of the estate." 
 Next, standing with one foot on the dower concept, Deutschreasons that in enacting a provision for elective shares the
 state was protecting the interests of its widows. Passing the
 fact that $800,000 is a good deal of protection, the
 proposition that, simply by fiat, a state may preserve its
 citizens from federal taxes is absurd. The list of exclusions
 in 26 U.S.C. 663 clearly does not exclude an elective share,
 and we note that the Treasury Regulations expressly deny
 exclusion even to a widow's temporary allowance. 
 Plaintiff's appeal is without merit.